326 So.2d 409 (1976)
DEPARTMENT OF REVENUE of the State of Florida et al., Appellants,
v.
Harriet L. GOLDER, As Executrix of the Estate of Max Lavin, Deceased, Appellee.
No. 47057.
Supreme Court of Florida.
January 7, 1976.
Robert L. Shevin, Atty. Gen., and E. Wilson Crump, II, Asst. Atty. Gen., for appellants.
Stuart W. Patton and Daniel G. LaPorte, Patton, Kanner, Nadeau, Segal, Zeller & LaPorte, Miami, for appellee.
Robert E. Muraro and Henry H. Raattama, Jr., Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for The Florida Bar (Tax Section), amicus curiae.
ROBERTS, Justice.
This cause is before us on direct appeal from a final judgment of the Circuit Court in and for Dade County directly passing upon the constitutionality of Section 198.02, Florida Statutes. We have jurisdiction pursuant to Article V, Section 3(b)(1), Constitution of Florida.
On December 29, 1971, Max Lavin died a resident of Dade County, Florida. Appellee, petitioner-below, Harriet Golder, is the duly qualified and acting executrix of the estate of Max Lavin. At the time of his death, Max Lavin owned certain properties (realty) situated in the State of Pennsylvania and other property (realty) situated in the State of New Jersey, in addition to the bulk of his estate with a situs in Florida. As finally determined for federal estate tax purposes, the gross estate was valued at $1,016,173.97, with the Pennsylvania and New Jersey properties being valued at $200,000.00 and $7,500.00 respectively. Petitioner paid an inheritance tax to the State of Pennsylvania in the amount of $9,088.15, paid an inheritance tax to the State of New Jersey in the amount of $527.60, and paid Florida Estate Taxes in the total amount of $10,301.08. The total federal credit allowable to this estate for death taxes actually paid to the several states is $19,692.20. The total of the state taxation of this estate by Pennsylvania, New Jersey, and Florida exceeds the credit allowable upon the federal taxes by $206.43. By letter to the Department of Revenue, appellee requested a refund of this amount, pursuant to Section 198.29, Florida Statutes. By return letter, the Department of Revenue denied that any refund was *410 due and asserted that a further tax was due in the amount of $5,370.03, together with interest at the rate of 6% per annum from September 29, 1972, until date of payment.
Section 198.02, Florida Statutes, enacted by the Legislature of Florida in 1971 (Chapter 71-202, Laws of Florida) specifically provides:
"Tax upon estates of resident decedents.  A tax is imposed upon the transfer of the estate of every person who, at the time of death, was a resident of this state, the amount of which shall be a sum equal to the amount by which the credit allowable under the applicable federal revenue act for estate, inheritance, legacy and succession taxes actually paid to the several states shall exceed the lesser of:
(1) The aggregate amount of all constitutionally valid estate, inheritance, legacy and succession taxes actually paid to the several states of the United States (other than this state) in respect of any property owned by such decedent or subject to such taxes as a part of or in connection with his estate, or:
(2) An amount equal to such proportion of such allowable credit as the value of properties taxable by other states bears to the value of the entire gross estate wherever situate.
All values shall be as finally determined for federal estate tax purposes."
In essence, Section 198.02, Florida Statutes, provides that the estates of resident decedents shall be taxed in an amount equal to the greater of (1) the total federal credit less the amounts paid to the other states or (2) a proportionate part of the federal credit determined by the ratio of the estate's property with a taxable situs in Florida to the total gross estate for federal tax purposes.
The appellant, Department of Revenue, contended that the total tax is the proportionate part of the federal credit. Appellee, however, urged that the maximum tax that can be levied under the constitution is the amount of the federal credit less the amounts paid to the other states.
Confronted with the question of whether or not the Florida Estate Tax Law can result in the levying upon an estate of a resident decedent of a tax which will make the tax burden upon that estate greater than it would otherwise be, the trial court held that under Section 5, Article VII, Florida Constitution, the Legislature is without power to levy or authorize the levy of an estate tax which has the effect of increasing the tax burden upon the estate of a resident of Florida, and held that to the extent that Section 198.02, Florida Statutes, purports to do so, it is illegal, invalid and unenforceable.
Specifically, the trial court opined:
"The Court's task in reaching this determination has been alleviated to a great degree by the prior decision of the Florida Supreme Court on substantially the same issue. Green v. State ex rel Phipps, [Fla.] 166 So.2d 585 (1964). The decision in the Green case involved whether the Legislature had authorized such a levy under Section 198.02, Florida Statutes, as then in effect and whether, under the provisions of Section 11, Article IX of the 1885 Constitution of Florida, it could. The Supreme Court held that the Legislature had not and could not levy such a tax, in a decision that traced the history of the constitutional proscription and implementing legislation from its inception.
"Since the Green case, the Constitution of Florida was amended in 1968 with the subject matter of the previous Section 11, Article IX now being contained in Section 5, Article VII of the Florida Constitution. Thereafter, the Legislature in 1971 amended Section 198.02, Florida Statutes, to provide for a tax which could have the effect of increasing *411 the tax burden on the estate of a resident of Florida. Defendants concede that this is exactly what the Supreme Court in the Green case held was unauthorized under the prior provisions of the Constitution of Florida.
"The precise question for this Court's determination is therefore whether the proscription of the prior constitutional provision was carried forward in the new provision in 1968.[2] Having reviewed the available contemporaneous commentary on the provision and in view of the Supreme Court's subsequent actions and decisions, the Court is of the opinion that the substance of the prior prohibition was carried forward unchanged. See e.g. `Commentary' by Talbot D'Alemberte, Florida Statutes Annotated; Dickenson [Dickinson] v. Maurer, 229 So.2d 917 [247] (Fla. 1969); In re Advisory Opinion to Governor, 243 So.2d 573 (Fla. 1971).
"[2.] The subsequent amendment of Section 5, Article VII in 1971 to authorize corporate income taxes did not alter the pertinent language of the estate tax prohibition other than to alter its reference to `natural persons who are residents or citizens of this State' and therefore the Court finds has no bearing on the issue here involved."
The case sub judice is controlled by this Court's earlier decision in Green v. State ex rel. Phipps, supra, and, therefore, the learned trial judge was correct in his judgment awarding a peremptory writ of mandamus.
As applied to the particular facts of this case, Section 198.02 would have the effect of increasing the tax burden upon the estate of a resident of Florida, and accordingly, we find that Section 198.02, Florida Statutes, as applied to the specific facts of this case produces an unconstitutional result. Therefore, it is not necessary to pass on the constitutionality vel non of the statute.
The other matters and things presented have been considered and found to be without harmful error, and so the judgment of the trial court is affirmed.
It is so ordered.
ADKINS, C.J., and BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.