STATE OF INDIANA AND THE INDIANA DEPARTMENT OF STATE
REVENUE, INDIANA INHERITANCE TAX DIVISION *v.* PURDUE
NATIONAL BANK OF LAFAYETTE AND WARREN N. EGGLESTON,
CO-EXECUTORS OF THE ESTATE OF DONALD M. WARREN,
DECEASED.

[No. 2-873A191. Filed September 30, 1976.]

*Theodore L. Sendak,* Attorney General, *John H. Meyers,*
Deputy Attorney General, for appellant.

*Warren N. Eggleston, Jack L. Walkey, Ball, Eggleston,
Bumbleburg & McBride,* of Lafayette, for appellees.

WHITE, J.—The appellant State of Indiana appeals from a
judgment ordering it to refund to appellees an alleged over-
payment of inheritance taxes. The question presented is
whether Ind. Ann. Stat. § 6-4-1-37 (Burns Code Ed. 1972),
the estate tax "pickup" statute,[1] which permits a deduction

---

1. Each state imposes a tax on the transfer through death of real or
personal property located in that state whether or not the decedent is a
resident of that state. (Intangible property is customarily deemed
situated in the decedent's state of residence.) Some are "inheritance"
taxes to be paid by each individual heir on his inheritance. Others are
"estate" taxes to be paid from the gross estate of the decedent. In both
instances certain exemptions and credits, irrelevant herein, are per-
mitted.

The federal government also imposes an "estate" tax on the transfer
through death of real, personal and intangible property. It also allows
certain exemptions and credits, one of which is important herein. 28
U.S.C. § 2011 permits state taxes to be used as credit toward the federal
tax. The amount of credit allowed varies with the size of the estate.

The taxes imposed by most states are much less than the credit that
would be allowed by 28 U.S.C. § 2011. Thus most states have enacted

from the tax therein imposed for "death taxes" paid other states is to be interpreted as permitting a deduction for the "pickup" taxes paid other states. The trial court answered that question in the affirmative.

We reverse.

The pertinent facts as agreed upon in the briefs are simple. The appellees are co-executors of the estate of one Donald M. Warren, an Indiana resident who died possessed of a large amount of property in this state and comparatively small amounts of property in the states of Kentucky and Tennessee. As executors they paid the inheritance and pickup taxes levied in those states and then paid inheritance and pickup taxes in Indiana, claiming credit for the taxes paid the other states. Subsequently, Kentucky revalued the decedent's Kentucky property and increased both the inheritance tax and the pickup tax on that property.[2] The executors paid that increase and submitted a refund claim to the Indiana Department of State Revenue. The claim was denied[3] and the executors instituted this action in the Tippecanoe Circuit Court.

The Indiana pickup tax statute is Ind. Ann. Stat. § 6-4-1-37 (Burns Code Ed.) which provides:

"(a) In the event that a federal estate tax is payable to the United States on the estate of a decedent who was a resident of the state of Indiana at the time of his death and

laws imposing an additional tax in an amount equal to the amount by which the allowed credit exceeds the state tax. These taxes, commonly called "pickup" taxes, usually do not increase the total tax paid, they merely permit the states to collect a greater percentage of the total tax paid.

2. The undisputed facts, as described by the parties, give no indication of the value of the property, the method whereby that value was established, the basis for the re-evaluation, the efforts, if any, of the executors to object to the increase in valuation and in taxes, or of anything more than is described above.

3. Nobody argues that inheritance tax paid other states should not be deducted from the Indiana pickup tax. Thus it would seem that the Department's proper action would have been to grant a partial refund in the amount of the inheritance tax increase. However, purely by coincidence, the pickup tax previously paid Kentucky and previously deducted from the pickup tax paid Indiana was approximately the same as the increase in Kentucky's inheritance tax. It appears that one was informally set off against the other and the entire refund claim denied.

the inheritance tax, if any, paid to the state of Indiana, disregarding interest, plus the death taxes (not including any credit for state death taxes allowed by the federal estate tax law) paid to other states or territories in respect to the property of the decedent is less than the maximum credit for state taxes allowed by the federal estate tax law, a tax equal to such difference is hereby imposed.

"(b)   A tax is levied against the estate of every decedent not domiciled in this state upon the transfer of the portion of the decedent's gross estate in the state of Indiana equal in amount to that proportion of the amount by which the death tax credit exceeds the amount of state death taxes, exclusive of taxes imposed by other states of the character and purpose of the tax levied by paragraph (a) of this section which the value of the portion of the decedent's gross estate in the state of Indiana bears [to] the value of decedent's entire gross estate.

"(c)   When an inheritance tax imposed under section 1 [6-4-1-1] of this act is imposed after an estate tax imposed by this act [6-4-1-1—6-4-1-40] has been paid, the estate tax so paid shall be credited against any inheritance tax later imposed."

It is our opinion that pickup taxes paid other states are not to be deducted when computing the pickup tax imposed by paragraph (a) of the above statute. The term "death taxes" is never defined but it clearly refers to all state taxes, whether inheritance, estate or pickup (cf. paragraph [b]). Therefore, paragraph (a) would clearly permit all such taxes to be deducted were it not for the parenthetical exclusion contained therein. But that exclusion must be given effect since "[i]t is not to be presumed that any part of an Act is meaningless and without a definite purpose." *Combs, Auditor* v. *Cook* (1958), 238 Ind. 392, 397, 151 N.E.2d 144. Though not clearly written, the parenthetical exclusion specifically states that something is not to be included as a deduction and to describe that something uses words applicable only to a state pickup tax.

The executors argue that the result of so construing the statute would be the imposition of state taxes which, in total, would exceed the credit allowed by federal law for such taxes

whenever a resident decedent dies possessed of property in another state that levies pickup taxes similar to the one set out in paragraph (b). In this they are correct. However, they are not correct in the implication that such result must necessarily be outside the legislative intent. Other states levy pickup taxes producing a similar result. For example, Pennsylvania's statute (Purdon's Penna. Stat. Ann. 72 § 2485-421 [1964]) does not permit the deduction of pickup taxes paid other states, and California's statute (West's Ann. Rev. & T. Code § 13441 [1970]) apparently does not permit the deduction of *any* taxes paid other states.

This cause is remanded to the Tippecanoe Circuit Court with instructions to vacate the judgment heretofore entered and to enter judgment in favor of the State of Indiana.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 355 N.E.2d 414.