389 So.2d 307 (1980)
Flora E. COCKRELL, Personal Representative for John L. Cockrell, Deceased Appellant,
v.
Gerald A. LEWIS, As Comptroller of the State of Florida, Appellee.
No. 79-4.
District Court of Appeal of Florida, Fifth District.
October 16, 1980.
Jonathan D. Kaney, Jr., and J. Lester Kaney of Cobb, Cole, McCoy, Abraham, Bell, Bond, Monaco & Kaney, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., and E. Wilson Crump, II, and Shirley W. Ovletrea, Asst. Attys. Gen., Tallahassee, for appellee.
ORFINGER, Judge.
This is an appeal from a final order of the Comptroller upholding the estate tax assessed by the Florida Department of Revenue and denying appellant's request for a refund. We reverse.
A formal administrative hearing was requested by appellant following which the hearing officer filed a recommended order that appellant be refunded $11,690.11. The Comptroller rejected the recommendation, and entered a final order denying the refund, and from that order this appeal follows.
The facts and legal issues are set forth in the recommended order which we recite in full.
FINDINGS OF FACT
The parties stipulated to the accuracy of the factual allegations in the petition, which are hereby incorporated by reference. A brief recapitulation may be helpful. John L. Cockrell died resident in Florida on September 26, 1977. For federal tax purposes, his gross estate was valued at $746,373.54. Securities held in trust by an Indiana bank, valued at $702,581.05 on the day Mr. Cockrell died, accounted for the bulk of his estate. Petitioner paid federal estate taxes in excess of the federal credit for estate taxes paid the several states, which credit amounted to $12,349.44. In response to an assessment by Indiana tax authorities, petitioner paid Indiana estate tax in the amount of $11,578.83. Petitioner paid Florida estate tax in the amount of $12,349.44, *308 together with interest in the amount of $111.28.
CONCLUSIONS OF LAW
Florida law imposes a tax on the transfer of the estate of which petitioner is personal representative in an amount equal to the amount by which the credit allowable under the applicable Federal Revenue Act for estate, inheritance, legacy and succession taxes actually paid to the several states shall exceed . .. [t]he aggregate amount of all constitutionally valid estate, inheritance, legacy and succession taxes actually paid to [Indiana]... . Section 198.02, Florida Statutes (1977).
In the present case, the `credit allowable' for purposes of Section 198.02, Florida Statutes (1977) is $12,349.44.
Citing Department of Revenue v. Golder, 326 So.2d 409 (Fla. 1976), petitioner argues that the amount of Indiana death taxes actually paid must be subtracted from the `credit allowable.' While conceding that the federal constitution presents no bar to an estate tax by Indiana in the circumstances of the present case, Curry v. McCanless, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339 (1939), respondent contends that the Indiana death taxes, although actually paid, were not owing under Indiana law; and cannot serve to reduce Florida taxes for that reason. See Wells v. Gay, 58 So.2d 690 (Fla. 1952). Petitioner answers that the death taxes paid to Indiana were indeed owed under Indiana Law.
Indiana law imposes an estate tax when `the federal death tax credit allowed against the federal estate tax ... exceeds the total state death taxes actually paid... .' Ind. Code § 6-4.1-11-1 (1976). Under Indiana law, `state death taxes' are defined to exclude `any tax which [like Florida's] is similar in purpose and character to the Indiana estate tax.' Ind. Code § 6-4.1-1-12 (1976). Respondent's argument otherwise is unpersuasive, in light of the interpretation the Indiana tax authorities have given to these Indiana statutes.
Conceding arguendo that, under Indiana estate tax law, estate taxes paid to Florida need not be subtracted from the federal death tax credit, respondent nevertheless maintains that Ind. Code § 6-4.1-11-2(b) (1976) precludes collection of an estate tax by Indiana in the present case. This subsection prescribes an adjustment for estates of non-resident decedents and provides:
In the case of a non-resident decedent, the Indiana estate tax equals the product of (1) the remainder described in subsection (a) of this section, multiplied by (2) a fraction, the numerator of which is the value of the decedent's Indiana gross estate and the denominator of which is the value of the decedent's total gross estate.
Respondent takes the position that the securities held by the Indian bank as trustee are not part of Mr. Cockrell's `Indiana gross estate' under Indian law, because Mr. Cockrell was domiciled in Florida at the time of his death and has been deemed, for federal tax purposes, to have been the owner of the securities at that time. The situs of intangible personal property depends on the domicile of the owner of the property. The situs of intangible personalty does not turn, however, on the domicile of persons who have no more than an equitable interest in the property. It is the trustee, domiciled in Indiana, who has legal title to the securities in the present case. Again, respondent's argument to the contrary is unpersuasive, in light of the view the Indiana tax authorities have taken on this question of Indiana law.
To calculate petitioner's Florida tax liability, the `credit allowable' of $12,349.44 should be reduced by $11,578.83, the amount of estate tax paid to Indiana. This computation yields $770.61. Since petitioner paid respondent $12,460.72, petitioner is entitled to a refund in the amount of the difference between $12,460.72 and $770.61.

*309 RECOMMENDATION
Upon consideration of the foregoing, it is
RECOMMENDED:
That respondent refund to petitioner the sum of $11,690.11.
The history of Florida's inheritance tax laws is described in detail in Green v. State ex rel. Phipps, 166 So.2d 585 (Fla. 1964). What requires emphasis is the fact that Florida has been so determined to protect its residents from inheritance taxes that it proscribes such taxes by a constitutional provision.[1] This constitutional provision and the statutes adopted pursuant thereto only serve to assist the state in receiving the taxes for which a federal credit is allowed, but prohibit any increase in taxes over what would otherwise be paid to the federal government.
The history of the times in which these constitutional provisions were adopted, the language of the provisions themselves and the language of the implementing statutes (too lengthy to quote here) clearly indicate that it was the intent of the people of Florida that the State of Florida would impose such taxes but only such taxes upon estates of decedents as could be paid to Florida and deducted from the federal taxes without increasing by one jot or one tittle the total tax burden upon such estates.
Green v. State, at 589.
Section 198.02, Florida Statutes (1971) the applicable statute here, says:
A tax is imposed upon the transfer of the estate of every person who, at the time of death, was a resident of this state, the amount of which shall be a sum equal to the amount by which the credit allowable under the applicable Federal Revenue Act for estate, inheritance, legacy and succession taxes actually paid to the several states shall exceed the lesser of:
(1) The aggregate amount of all constitutionally valid estate, inheritance, legacy and succession taxes actually paid to the several states of the United States (other than this state) in respect to any property owned by such decedent or subject to such taxes as a part of or in connection with his estate, or
(2) An amount equal to such proportion of such allowable credit as the value of the properties taxable by other states bears to the value of the entire gross estate wherever situate.
In this final order, the Comptroller concedes that the Indiana tax assessed and paid here was constitutionally valid, but he says that his interpretation of the Indiana tax statutes makes it clear that Indiana should not have levied the tax because the Florida tax is not similar in purpose and character to the Indiana tax. Therefore, he says, under Indiana law alluded to in the hearing officer's proposed order, Indiana should have given the estate a complete credit for the Florida assessment, which would have resulted in no tax payable to Indiana.
Two problems exist with this position. First, it is clear from the record that Indiana did not construe its statutes in that manner; that Indiana, like Florida, attempts to get the maximum federal credit; that although not identical, the laws are similar in purpose and character, thus the Florida tax does not qualify for credit in Indiana. Secondly, the Comptroller's position would force the estate to litigate with Indiana to determine if Florida's interpretation of Indiana law was correct, and we do not find any support for that position in Florida law.
Indiana law apparently does not restrict collection of inheritance taxes which, when combined with taxes paid other states, exceed the Federal credit, but Florida law does. The maximum tax which can be assessed by Florida under our Constitution and statutes is the amount of the Federal *310 credit less the amount actually paid to other states. The Comptroller's determination would have the effect of increasing the tax burden upon the estate of a resident of Florida and produces an unconstitutional result. Department of Revenue v. Golder, 326 So.2d 409, (Fla. 1976).
The order appealed from is quashed and is remanded with directions to enter the order recommended by the hearing officer.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] Art. VII, § 5(a), Fla. Const.:

No tax upon estates or inheritances or upon the income of residents or citizens of the State shall be levied by the state, or under its authority, in excess of the aggregate of amounts which may be allowed to be credited upon or deducted from any similar tax levied by the United States or any state.