SULLIVAN, Judge.
The Indiana Department of State Revenue (Department) appeals the trial court's dismissal of its claim against the estate of John S. Pearson, Jr. (Estate) for $1,252.81 in additional estate tax.
We reverse.
The parties have stipulated to the following facts: John S. Pearson, Jr., an Indiana resident owning property in Florida and Indiana, died December 20, 1981. The executor filed a United States estate tax return claiming credit for state death taxes paid in the amount of $14,682.02. The Estate had previously paid $1,811.81 in Florida estate tax, $7,052.55 in Indiana inheritance tax and $6,827.67 in Indiana estate tax. The total of these taxes (excluding a $60 math error which is not at issue) equals the amount of the federal credit for death taxes paid to the several states. On November 10, 1983, the Department filed its claim for additional tax.
The parties have also stipulated to the following issues:
(1) Whether the amount of the Florida estate tax paid by an Indiana resident to the State of Florida is a proper credit in determining the amount of Indiana estate tax.
(2) Whether the Florida estate tax is similar in purpose and character to the Indiana estate tax.
Because the issues are so interrelated, we choose to address them together.
Indiana Code 6-4.1-11-1 (Burns Code Ed. Repl.1984) provides for an Indiana estate tax to be imposed upon the estate of the decedent "if the federal death tax credit allowed against the federal estate tax imposed as a result of his death exceeds the total state death taxes actually paid." In the case of a resident decedent, the Indiana estate tax is computed by subtracting the total state death taxes actually paid from the federal death tax credit allowed. I.C. 6-4.1-11-2 (Burns Code Ed. Repl.1984). This controversy centers around whether the Florida tax paid by the Estate is a state death tax which should be subtracted from the Estate's federal death tax credit in arriving at the Indiana estate tax owed. The Department says no. The Estate says yes. Both sides claim support in I.C. 6-4.-1-1-12, which provides as follows:
*991 " 'State death tax' means an inheritance, transfer, succession, estate or similar tax which is imposed by a state or territory of the United States as a result of a decedent's death. However, the term death tax' does not include the federal estate tax, the Indiana estate tax imposed under I.C. 6-4.1-11, or any tax which is similar in purpose and character to the Indiana estate tax." (Emphasis supplied.)
The Estate contends, and the trial court agreed, that the Florida estate tax is not similar in purpose and character to the Indiana estate tax and therefore was properly subtracted from the federal death tax credit in determining the Indiana estate tax owed by the Estate.
Our primary task in resolving the issues presented is to construe the applicable provisions of the Indiana Code. In doing so, our duty is to give effect to the intention of the legislature. Ogle v. St. John's Hickey Memorial Hospital (1985) 2d Dist. Ind. App., 478 N.E.2d 1055. Specifically, we must determine what the legislature intended by use of the phrase "similar in purpose and character" in 1C. 6-4.1-1-12. The Department directs our attention to Webster's Seventh New Collegiate Dictionary for the proper definition of the phrase. The Estate insists that the better definition is to be found in Black's Low Dictionary. We choose, however, to take our definition from the pages of the Indiana Acts and the precedent of this court.
The statutes in question were passed by the 1976 General Assembly. In enacting the Indiana estate tax provisions, the legislature expressly stated its intent: ©
"This act (1.0. 6-4.1-1-1-6-4.1-12-11] is intended to be a codification or restatement of applicable or corresponding provisions of laws repealed by this act. The substantive operation and effect of any law repealed by this act shall continue without interruption if that law is reenacted, in the same or restated form, by this act." Acts 1976, P.L. No. 18, § 8.
1C. 6-4.1-1-12 is a reenactment in restated form of repealed I.C. 6-4-1-82. The current statutes imposing and defining the Indiana estate tax, LC. 6-4.1-12-1 and I.C. 6-4.1-12-2, are reenactments in restated form of repealed 1.C. 6-4-1-87. In State v. Purdue National Bank of Lafayette (1976) 2d Dist., 171 Ind.App. 76, 855 N.E.2d 414, this court interpreted the provisions of now repealed 1.0. 6-4-1-37 in a controversy with facts very similar to the facts in the instant case. In Purdue, this court held that pickup taxes paid other states are not to be subtracted when computing the Indiana estate tax.
The Estate argues that such a reading of the Purdue case is far too broad. The Estate contends that the Purdue case only held that the Tennessee and Kentucky taxes involved in that case were similar in character and purpose to the Indiana estate tax and therefore not allowable as a credit against the Indiana estate tax. The Estate's interpretation of the holding in the case ignores the plain language employed by the court:
"It is our opinion that pickup taxes paid other states are not to be deducted when computing the pickup tax imposed by paragraph (a) of the above statute [I.C. 6-4-1-37]." State v. Purdue National Bank of Lafayette, supra, 355 N.E.2d at 416.
Based upon our prior interpretation of I.C. 6-4-1-37 and the legislature's express intention that the operation and effect of that law be continued under I.C. 6-4.1-11-1 and its companion statutes, we conclude that a pickup tax is a tax "similar in character and purpose" to the Indiana estate tax. Thus, if the Florida estate tax is a pickup tax, it is not allowable as a credit against the Indiana estate tax and we must reverse the trial court.
A pickup tax is a tax levied by the state in order to take advantage of the federal death tax credit. See 42 Am.Jur.2d Inheritance, Estate, and Gift Taxes § 7T (1969). The federal death tax credit allows taxpayers to subtract death taxes paid to the states from the federal estate tax owed. *992 The credit is subject to a maximum limitation. Pickup statutes generally provide that when the total tax payable to the states is less than the allowable federal death tax credit, an additional tax equal to the difference between the federal credit and the state death taxes paid will be imposed. Thus, the state is able to "pick up" funds which would otherwise be bound for the federal government without increasing the burden on the individual taxpayer.
The Florida statute in question in this case clearly imposes a pickup tax. It provides as follows:
"A tax is imposed upon the transfer of real property situate in this state, upon tangible personal property having an actual situs in this state, upon intangible personal property having a business si-tus in this state, and upon stocks, bonds, debentures, notes and other securities or obligations of corporations organized under the laws of this state of every person who at the time of death was not a resident of this state but was a resident of the United States, the amount of which shall be a sum equal to such proportion of the amount of the credit allowable under the applicable federal revenue act for estate, inheritance, legacy and succession taxes actually paid to the several states, as the value of the property taxable in this state bears to the value of the entire gross estate wherever situate." Fla.Stat.Ann. § 198.08 (West 1971).
The Florida tax attempts to use the federal tax credit to pick up taxes otherwise payable to the federal government by the estate of a non-resident decedent owning property in Florida. The Florida tax is a pickup tax; it is similar in character and purpose to the Indiana estate tax, and it may not be used as a credit against the Indiana estate tax.
The Estate points to several distinctions between the Florida estate tax and the Indiana estate tax in an effort to show that the taxes are not similar in character and purpose. The Estate first argues that the Florida tax is different in that it applies to property located in Florida whereas the Indiana estate tax statute does not look to the location of a resident decedent's assets. The Estate's reasoning is faulted. Florida may tax an Indiana resident only if there is some property in Florida owned by the Indiana resident decedent. The language in the Florida statute requiring the presence of property in the state merely provides the basis for the assessment of the tax on a non-resident decedent. This requirement for the assessment of the tax is simply jurisdictional and has nothing to do with the purpose and character of the tax itself. The fact that the statutes imposing the tax are different does not make the tax different.
Additionally, if we were to find the distinction urged by the Estate sufficient to make the Florida tax distinct in character and purpose from the Indiana tax, we would render part of I.C. 6-4.1-1-12 meaningless with respect to Indiana resident decedents. Every state which levies an estate tax upon the property of an Indiana resident decedent must do so by referring to the specific property within the state owned by the Indiana resident decedent. Otherwise, the state has no jurisdictional basis for levying the tax. If, as the Estate argues, reference to specific property within the state is sufficient to make another state's estate tax dissimilar in character and purpose from Indiana's estate tax, no tax levied by another state upon the property of an Indiana resident decedent would be similar in character and purpose to the Indiana estate tax, and the language within 1.C, 6-4.1-1-12 would be superfluous. It is a rule of statutory interpretation that courts will not presume that the legislature intended to do a useless thing. Northern Indiana Bank & Trust Co. v. State Board of Finance (1983) Ind., 457 N.E.2d 527. In order to adhere to this rule, we must reject the Estate's argument.[1]
*993 The Estate also argues that the Florida estate tax contains provisions which prevent the total state death taxes paid from ever exceeding the federal death tax credit attributable to property within the reach of the Florida authorities. The Estate contends that this distinguishes the Florida estate tax from the Indiana tax which, ac cording to the Estate, contains no such provisions. There are two flaws with the Estate's argument. First, the provisions in the Florida laws merely place a ceiling upon the amount of the tax which may be assessed and have nothing to do with the purpose and character of the tax. Second, by subtracting state death taxes paid from the federal tax credit, the Indiana estate tax law does attempt to prevent the total state death taxes paid from exceeding the federal credit. The only difference is that under IC. 6-4.1-1-12, Indiana does not consider a pickup tax, such as Florida's estate tax, to be a state death tax.
The Estate's next argument is that the taxes are not similar in character and purpose because the Florida estate tax upon the property of non-resident decedents does not take into account state death taxes paid while its Indiana counterpart does. This argument seems to be the converse of the Estate's argument above, and we reject it for a similar reason. By taking into ac count the state death taxes paid, the Indiana estate tax upon the property of a non-resident decedent attempts to prevent total state death taxes from exceeding the federal tax credit. Again, this is simply a means of placing a ceiling upon the estate tax levied and it has no bearing upon the character and purpose of the tax. The fact that the Florida estate tax on a non-resident decedent contains no such limitation contradicts the Estate's previous argument that the Florida statutes would never cause the state death taxes to exceed the federal credit. Here, it appears that the Florida estate tax's failure to extend its ceiling to cover non-resident decedents has caused that very result.[2]
The Estate finally attempts to distinguish the taxes by arguing that the Indiana estate tax is imposed in addition to the Indiana inheritance tax while the Florida estate tax is the only death tax imposed by that state. However, the existence of the Indiana inheritance tax does not change the purpose and character of the Indiana estate tax. Therefore, it is irrelevant to a consideration of the similarities between the Florida and Indiana estate taxes.
All of the distinctions which the Estate would draw are distinctions collateral to 'the essential purpose and character of the taxes themselves. Both taxes are, undeniably, pickup taxes. The purpose of both the Florida estate tax and the Indiana estate tax is to take advantage of the federal estate tax credit for state death taxes paid. See Inheritance, Estate & Gift Tax Reporter -State, CCH Vol. 1 § 2500, p. 20,-229 ("'The only purpose of the Florida estate tax law is to take advantage of the credit allowed under the federal estate tax law."); Weinstein, Foreword-Indiaona Taxation, 13 Ind.L.Rev. 1, 8 (1980) ("'Indiana also imposes an estate tax to take full advantage of the credit provided by the federal estate tax law for death taxes paid to the states.") The similarity in character between the two taxes is demonstrated by *994 the means each tax employs to achieve its purpose. Both taxes refer to the federal tax credit in order to determine the estate tax owed. In fact, the only difference between the formula employed by Indiana to determine the estate tax of a non-resident decedent and the formula used by Florida is that the Indiana formula takes into account the state death taxes paid.
(Federal Tax x Credit-State Death Taxes) Indiana Estate Indiana Estate Tax = Gross Estate
Federal Tax Credit Florida Estate Florida Estate Tax = Gross Estate
While the presence of state death taxes in the Indiana formula obviously prevents it from being identical to the Florida formula, the computations are similar.
Finally, although this is a question of first impression in Indiana, the Florida District Court of Appeal has had opportunity to examine the question in a, case with very similar facts. In Cockrell v. Lewis (Fla. Dist.Ct.App.1980) 389 So.2d 307, the Florida court concluded:
"[IJt is clear that ... Indiana, like Florida, attempts to get the maximum federal credit; that although not identical, the laws are similar in purpose and character, thus the Florida tax does not qualify for credit in Indiana." Id. at 309.
We acknowledge that the imposition of state death taxes in excess of the federal tax credit undermines the policy supporting a state pickup tax. However, as the Purdue court noted, such a result is not necessarily outside the intent of the legislature. Purdue, supra, 855 N.E.2d at 416. Absent some clear mandate from the state or federal legislatures, we cannot say that the imposition of these taxes in excess of the federal credit is prohibited.
Because we find that the Florida estate tax is similar in purpose and character to the Indiana estate tax and is therefore not allowable as a credit against the Indiana tax, the judgment of the trial court is reversed. The cause is remanded and the trial court instructed to enter judgment for the Department.
MILLER, J. (participating by designation) and BUCHANAN, C.J., concur.

. We also opine that the Estate's comparison of the Indiana estate tax on resident decedents with the Florida tax on nonresident decedents is inappropriate. LC. 6~4.1-1-12 refers broadly to *993 taxes similar in purpose and character to the Indiana estate tax. The tax paid by the Estate was the Florida estate tax on non-resident decedents The specific provision within the Indiana estate tax with which it should be compared is the Indiana tax on non-resident decedents.

. The Florida tax on a resident decedent does take into account state death taxes paid. Additionally, unlike Indiana, Florida does include pickup taxes within its definition of state death taxes. See Cockrell v. Lewis (Fla.Dist.Ct.App. 1980) 389 So.2d 307. Thus, in this case, if the Florida estate tax law had extended this protection to non-resident decedents, the Indiana estate tax paid could have been used as a credit against the Florida estate tax assessed. The Estate's persistent argument that the Indiana estate tax provisions are the sole cause of the Estate's tax woes ignores this possibility. It seems apparent that both Florida and Indiana are determined to hold on to their slices of the federal tax credit pie regardless of the fact that the taxpayer may be forced to pay in excess of the federal tax credit.